UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| KENNETH R. FUQUA, II and ELIZABETH R. FUQUA, <br><br> Plaintiffs, <br><br> v. <br><br> LYTLE-GANS-ANDREW FUNERAL HOME; ESTATE OF RUTH M. LYTLE, DECEASED; CARRIAGE FUNERAL HOLDINGS, INC.; CARRIAGE CEMETERY SERVICES, INC., A WHOLLY OWNED SUBSIDIARY OF CARRIAGE SERVICES, INC.; CARRIAGE FUNERAL SERVICES OF INDIANA, INC.; MADISON FUNERAL SERVICES, INC.; LARRY FOX; GRANDVIEW MEMORIAL GARDENS, LLC; GRANDVIEW MEMORIAL GARDENS, INC., and JIMMY W. SIMPSON, d/b/a GRANDVIEW MEMORIAL GARDENS, <br><br> Defendants. | CASE NO. 4:08-cv-0134-DFH-WGH |

ENTRY ON PENDING MOTIONS

Kristiana Elizabeth Fuqua died in 1989 when she was one year old. Her parents Elizabeth and Kenneth Fuqua have sued several funeral and cemetery businesses under state law for breaches of contract and torts. The Fuquas had Kristiana's vault disinterred in 2007. They discovered then that the vault had been damaged so that it had lost its integrity and had exposed Kristiana's body to the elements, causing them great distress and anguish. The Fuquas allege that

the damage occurred in the course of burial, though some defendants have suggested the damage more likely occurred after burial when heavy equipment moved over the grave site.

Several matters are pending. After defendant Jimmy Simpson removed the case from state court, the court ordered him to show cause why the case should not be remanded because two of the named defendants were citizens of Indiana. See 28 U.S.C. § 1441(b) (actions removable on basis of diversity jurisdiction only if no properly joined and served defendant is a citizen of the forum state). Simpson has responded by arguing that defendants Lytle-Gans-Andrew Funeral Home and the Estate of Ruth M. Lytle (here, "the Lytle defendants") were fraudulently joined as defendants.[1]

In addition, the Lytle defendants have moved to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim. Defendants Carriage Cemetery Services, Inc., Carriage Funeral Services of Indiana, Inc., and Carriage Funeral Holdings, Inc. have moved for judgment on the pleadings under Rule 12(c) on the claims against them. Finally, in response to the Lytle defendants' motion to dismiss, plaintiffs requested partial summary judgment

---

[1] The record contains some documents with the spelling "Lytel." The court follows the spelling used by Mark L. Lytle, who is Ruth Lytle's son. See Dkt. No. 30 (with affidavit from Mr. Lytle). Because Mrs. Lytle ran the business as a sole proprietorship, her estate is the proper defendant. The other Indiana defendant, Madison Funeral Services, Inc., has not been served with process and may be disregarded for present purposes.

against those defendants on the issue of liability, though they did not file a separate motion to that effect. For purposes of deciding both the removal issue and the defendants' motions to dismiss, the court must accept as true the plaintiffs' allegations in the complaint. The court does not address here the factual disputes among the parties.

The court begins and ends by considering whether the case is properly in federal court. That question depends on whether the Estate of Ruth M Lytle was fraudulently joined as a defendant. If the estate was not fraudulently joined, then the removal was improper under 28 U.S.C. § 1441(b) because the estate is a citizen of Indiana.

"Fraudulent" joinder is an often unfortunate legal term of art. Despite its obvious connotations, the phrase is not necessarily intended to cast aspersions on the character of plaintiffs or their counsel. "Fraudulent" joinder occurs "either when there is no possibility that a plaintiff can state a cause of action against nondiverse defendants in state court, or where there has been outright fraud in plaintiff's pleading of jurisdictional facts." *Hoosier Energy Rural Elec. Co-op, Inc. v. Amoco Tax Leasing IV Corp.*, 34 F.3d 1310, 1315 (7th Cir. 1994), quoting *Gottlieb v. Westin Hotel Co.*, 990 F.2d 323, 327 (7th Cir. 1993). In this case, plaintiffs are citizens of Maryland and diversity of citizenship is in fact complete. *Hoosier Energy* dealt with whether diversity of citizenship was complete, but its standard and reasoning apply equally to whether an in-state defendant's presence defeats

removal of a state court case to federal court based on diversity of citizenship. (The statutory prohibition on in-state defendants removing diversity cases reflects the original purpose of diversity jurisdiction, to protect out-of-state defendants from feared bias in state courts.)

Defendant Simpson argues, with support from the estate in its own motion to dismiss, that the Estate of Ruth Lytle was fraudulently joined because there is no possibility that the state courts might hold the estate liable for the alleged breaches of contract and torts.

Where the defendants argue that the plaintiffs cannot possibly state a viable claim against an in-state or non-diverse defendant, the defense bears a "heavy burden" to establish fraudulent joinder. *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992). "The defendant must show that, after resolving all issues of fact *and law* in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant." *Id.*; accord, *Faucett v. Ingersoll-Rand Mining & Mach. Co.*, 960 F.2d 653, 654-55 (7th Cir. 1992) (defendant must show that "there is no possibility" that plaintiff could establish claim against in-state defendant). Joinder is not fraudulent if a plaintiff's claims depend on fairly debatable issues of state law that require substantial analysis. "A claim which can be dismissed only after an intricate analysis of state law is not so wholly insubstantial and frivolous that it may be disregarded for purposes of diversity jurisdiction." *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 853 (3d Cir. 1992) (remanding where

state law claim was fairly debatable); *Conk v. Richards & O'Neil, LLP*, 77 F. Supp. 2d 956, 960-61 (S.D. Ind. 1999) (same).

The Lytle estate and Simpson offer two reasons why the plaintiffs have no possibility of recovering from the Lytle estate. The first is that other defendants in the action assumed the Lytle defendants' liabilities. This argument is not at all persuasive. The details of those transactions are disputed. Among other things, the other defendants argue in support of their own motion that they did not assume any relevant liabilities from Lytle. See Dkt. No. 26. Even if it were clear that other defendants had assumed the relevant Lytle liabilities, that assumption would not relieve the original (alleged) wrongdoers from direct liability to the injured parties. A tortfeasor cannot avoid her responsibility to a victim by entering into a contract with a third party, and a contracting party may not unilaterally avoid her responsibilities by an assignment to a stranger but must obtain the other contracting party's consent to a novation. *E.g.*, *SSD Control Technology v. Breakthrough Technologies, Inc.*, 685 N.E.2d 1136, 1138 (Ind. App. 1997) (assignment of contracts). At most, the Lytle estate might have a cross-claim against other defendants for indemnification. See, *e.g.*, *Rauch v. Circle Theatre*, 374 N.E.2d 546, 550 (Ind. App. 1978) (where lessee assigns lease to third party, lessee is still liable to lessor until lease expires or lessor grants novation).

The second reason requires more attention. Simpson and the Lytle estate argue that the Fuquas' claims against the Lytle estate are barred by applicable

statutes of limitations. Kristiana died and was buried in 1989. The alleged wrongs were discovered in May 2007, and this suit was filed in 2008.

Ruth Lytle operated the Lytle-Gans-Andrew Funeral Home as a sole proprietorship, so that the business had no separate legal existence. Mrs. Lytle died in 1992. Defendants argue that any claims against her estate are barred if they were not filed within nine months of her death, citing Indiana Code § 29-1-14-1, and *Burnett v. Villaneuve*, 685 N.E.2d 1103, 1107 (Ind. App. 1997) (under prior version of statute). Plaintiffs respond with *Indiana Farmers Mutual Ins. Co. v. Richie*, 707 N.E.2d 992 (Ind. 1999), and the more general discovery rule for Indiana statutes of limitations.

The Indiana Probate Code imposes time limits on claims against the estates of people who have died. The text of Indiana Code § 29-1-14-1 is set forth in the margin.[2] The nine-month limit is set forth in subsection (d): "All claims barrable

---

[2] Sec. 1. (a) Except as provided in IC 29-1-7-7, all claims against a decedent's estate, other than expenses of administration and claims of the United States, the state, or a subdivision of the state, whether due or to become due, absolute or contingent, liquidated or unliquidated, founded on contract or otherwise, shall be forever barred against the estate, the personal representative, the heirs, devisees, and legatees of the decedent, unless filed with the court in which such estate is being administered within:
>   (1) three (3) months after the date of the first published notice to creditors; or
>   (2) three (3) months after the court has revoked probate of a will, in accordance with IC 29-1-7-21, if the claimant was named as a beneficiary in that revoked will;

whichever is later.

(continued...)

under subsection (a) shall be barred if not filed within nine (9) months after the death of the decedent." Plaintiffs rely on the exception in subsection (f) for tort actions against the estate where those actions are filed within the applicable statute of limitations for the tort. The interesting provision there states: "Any recovery against the tort feasor's estate shall not affect any interest in the assets of the estate unless the suit was filed within the time allowed for filing claims against the estate." The *Richie* case illuminates this provision. In *Richie*, the Indiana Supreme Court made it clear that a tort lawsuit against an estate relying

---

[2](...continued)
(b) No claim shall be allowed which was barred by any statute of limitations at the time of decedent's death.

(c) No claim shall be barred by the statute of limitations which was not barred at the time of the decedent's death, if the claim shall be filed within:
    (1) three (3) months after the date of the first published notice to creditors; or
    (2) three (3) months after the court has revoked probate of a will, in accordance with IC 29-1-7-21, if the claimant was named as a beneficiary in that revoked will;
whichever is later.

(d) All claims barrable under subsection (a) shall be barred if not filed within nine (9) months after the death of the decedent.

(e) Nothing in this section shall affect or prevent any action or proceeding to enforce any mortgage, pledge, or other lien upon property of the estate.

(f) Nothing in this section shall affect or prevent the enforcement of a claim for injury to person or damage to property arising out of negligence against the estate of a deceased tort feasor within the period of the statute of limitations provided for the tort action. A tort claim against the estate of the tort feasor may be opened or reopened and suit filed against the special representative of the estate within the period of the statute of limitations of the tort. Any recovery against the tort feasor's estate shall not affect any interest in the assets of the estate unless the suit was filed within the time allowed for filing claims against the estate. The rules of pleading and procedure in such cases shall be the same as apply in ordinary civil actions.

upon subsection (f) cannot disturb the administration of the estate because the suit cannot reach the assets of the estate itself. 707 N.E.2d at 995. Subsection (f) is intended to allow plaintiffs to reach liability insurance proceeds even where the time for a claim directly against the estate has passed. *Id.* Thus, to the extent that plaintiffs seek only liability insurance proceeds for torts, the nine-month limit in the probate code does not bar their claims against the Lytle estate.

Tort claims under Indiana law ordinarily must be filed within two years after the claim arose. Ind. Code § 34-11-2-4. Plaintiffs argue that their tort claims against the Lytle estate are timely so as to take advantage of *Richie* and subsection (f) because they did not discover their claims until May 2007.

Under Indiana law, a cause of action accrues and the statute of limitations begins to run when the plaintiff knew, or in the exercise of ordinary diligence could have discovered, that an injury had been sustained as a result of the tortious act of another. *Pflanz v. Foster*, 888 N.E.2d 756, 759 (Ind. 2008) (reversing grant of motion to dismiss), citing *Wehling v. Citizens Nat'l Bank*, 586 N.E.2d 840, 843 (Ind. 1992) (reversing summary judgment for defendant where negligence action was filed six years after alleged negligence occurred). Plaintiffs in this case allege negligence under circumstances in which it would seem unusual for the decedent's family to have reason to investigate whether a wrong had occurred. Although a long time has passed since Kristiana's death and

burial, this court cannot say there is no possibility under state law that her parents might recover Lytle's liability insurance proceeds.

To be clear, the question before this court is not whether the Lytle estate is entitled to dismissal of the claims against it, either on the present record or at some later stage of the proceedings. The present issue is only whether the estate was fraudulently joined in this action. When deciding that issue, the court must give the plaintiffs the benefit of doubts as to both fact and law. *Poulos v. Naas Foods, Inc.*, 959 F.2d at 73. If the state law questions are fairly debatable, then the joinder was not fraudulent and the removal was improper. *Batoff v. State Farm Ins. Co.*, 977 F.2d at 853; *Conk v. Richards & O'Neil, LLP*, 77 F. Supp. 2d at 960-61. This court concludes only that the circumstances alleged by plaintiffs in this case present debatable questions under state law, and the court goes no further. See *Batoff*, 977 F.2d at 853-54 (emphasizing that the fraudulent joinder decision on remand does not decide whether the plaintiff has successfully stated a viable claim under state law).

Accordingly, without reaching the motions to dismiss, this action is hereby REMANDED to the Jefferson Circuit Court from which it was removed. Because the case was not properly removed, the state courts can and should decide these questions rather than have a federal court make an *Erie Railroad* prediction of how state law would apply in such a case. See *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938). The removal was not objectively unreasonable, however, so no costs

or fees will be awarded for the remand. See *Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005).

So ordered.

Date: November 26, 2008

DAVID F. HAMILTON, CHIEF JUDGE
United States District Court
Southern District of Indiana

Copies to:

Robert Lewis Barlow II
BARLOW LAW OFFICE
rbarlow@blueriver.net

John Francis Carroll
GWIN STEINMETZ MILLER & BAIRD, PLLC
jcarroll@gsmblaw.com

Bixler W. Howland
bixler@bellsouth.net

Gary K. Kemper
KEMPER COLLINS & HENSLEY
lawkemp@verizon.net

Donald L. Miller II
GWIN STEINMETZ MILLER & BAIRD PLLC
dmiller@gsmblaw.com

James W. Riley Jr.
RILEY BENNETT & EGLOFF LLP
jriley@rbelaw.com

Spencer J. Schnaitter
310 Jefferson Street
Madison, IN 47250

Rodney Lee Scott
Waters, Tyler, Scott, Hofmann & Doane, LLC
rscott@wtshdlaw.com

Kristen Danielle VandeWater
KEMPER & VANDEWATER
kvandew@verizon.net